Russell ANDERSON, Jr., Plaintiff–Appellant,

v.

DELPHI AUTOMOTIVE SYSTEMS CORP., doing business as Delphi Energy & Engine Management Systems, Defendant–Appellee.

No. 04–0691.

United States Court of Appeals, Second Circuit.

Oct. 25, 2004.

Samuel F. Prato, Rochester, N.Y., for Plaintiff–Appellant.

James Holahan, Rochester, N.Y., for Defendant–Appellee.

Present: OAKES, KEARSE, and CALABRESI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,**

---

**AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff–Appellant Russell Anderson, Jr. ("Anderson") brought a Title VII suit against his former employer, Defendant–Appellee Delphi Automotive Systems ("Delphi"), raising a range of discrimination and retaliation claims. The district court (Larimer, *J.*), reviewing the grievances in great detail, granted Delphi's request for summary judgment. Anderson appeals.

On appeal from a grant of summary judgment, we view the facts in the light most favorable to the non-moving party (i.e., Anderson). *See De la Cruz v. New York City Human Res. Admin. Dep't of Soc. Servs.*, 82 F.3d 16, 18 (2d Cir.1996). And, we review a district court's grant of summary judgment *de novo. See Bickerstaff v. Vassar College*, 196 F.3d 435, 445 (2d Cir.1999).

We agree with the court below that most of Anderson's claims are time-barred. In light of *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111–14, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), we reject Anderson's contention that, under a continuing-violation theory, all of his related grievances are timely. *See also Elmenayer v. ABF Freight Sys.*, 318 F.3d 130, 134 (2d Cir.2003).

As to his timely discrimination grievances and his claims of retaliation, we also agree with the judgment of the court below. Even assuming *arguendo* that Anderson made *prima facie* cases for his claims, which is dubious, and even assuming *arguendo* that Anderson's characterization of Delphi's rebuttal explanations might, as to some of these claims, raise enough factual issues to justify submission to a jury, which is yet more dubious, Anderson still did not present enough evidence of discrimination or retaliation in any of these claims so that a reasonable jury could find for him. *See Lizardo v. Denny's, Inc.*, 270 F.3d 94, 103 (2d Cir. 2001) ("Evidence of pretext, however, even combined with the minimal showing necessary to establish a prima facie case . . ., does not mandate a denial of summary judgment."); *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 94–95 (2d Cir.2001).

We have considered all of Anderson's claims and find them to be without merit. The district court's judgment is therefore AFFIRMED.